Michael C. Guasco, Bar No. 258765
mguasco@littler.com
LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000
San Francisco, California 94105
Telephone: 415.433.1940
Fax No.: 415.399.8490

Attorneys for Defendant
CSC SERVICEWORKS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER FOMBY,<br><br>Plaintiff,<br><br>v.<br><br>CSC SERVICEWORKS, INC., and DOES 1-20,<br><br>Defendants. | Case No. 3:23-cv-05317<br><br>**DEFENDANT CSC SERVICEWORKS, INC.'S NOTICE TO FEDERAL COURT OF REMOVAL OF CIVIL ACTION FROM STATE COURT PURSUANT TO 28 U.S.C. §§ 1332(a)(1), 1441, and 1446**<br><br>Complaint Filed: July 12, 2023<br>Trial Date: None Set |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF CHRISTOPHER FOMBY AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant CSC SERVICEWORKS, INC. ("Defendant") hereby removes Case No. 23CV038238 from the Superior Court of the State of California, County of Alameda, to the United States District Court for the Northern District of California, pursuant to U.S.C. sections 1332(a)(1), 1441, and 1446.

This Notice is based on the diversity jurisdiction of the federal district court over the parties under 28 U.S.C. section 1332 ("Section 1332"). Complete diversity of the Parties exists and the amount in controversy exceeds $75,000.00.

Defendant shows the following in support of this Notice.

## JURISDICTION

1. This Court has diversity jurisdiction under 28 U.S.C. section 1332(a)(1), and this case may be removed pursuant to 28 U.S.C. section 1441(a), because it is a civil action with an amount in controversy exceeding seventy-five thousand dollars ($75,000), exclusive of interest and costs, and it is between "citizens of different States."

2. As set forth below, this case meets all Section 1332 requirements for removal and is timely and properly removed by the filing of this Notice.

3. Venue lies in the Northern District of California pursuant to 28 U.S.C. sections 84(c), 1441(a), and 1446(a). Plaintiff originally brought the State Court action in the Superior Court of the State of California, County of Alameda. Pursuant to 28 U.S.C. section 84(c)(2), the appropriate assignment of the state court action is to the Oakland Division of this Court.

## PLEADINGS, PROCESS AND ORDERS

4. This lawsuit arises out of Plaintiff Christopher Fomby's employment with Defendant. On July 12, 2023, Plaintiff filed a First Amended Complaint in the Superior Court of the State of California, County of Alameda, Case No. 23CV038238, styled *Christopher Fomby v. CSC Serviceworks, Inc., et al.* ("Complaint"). The Complaint asserts causes of action for (1) Discrimination; (2) Harassment based on Race, Cal. Gov. Code § 12940(j); (3) Discrimination, Gov. Code §§ 12900, et seq.; (4) Wrongful termination; (5) Unfair Business Practices; (6) Intentional

Infliction of Emotional Distress; and (7) Waiting Time Penalties. The "Prayer for Relief" seeks general economic and non-economic damages; punitive damages; prejudgment interest; attorneys' fees and costs of suit; and such other and further relief as the Court may deem just and proper.

5. On September 27, 2023, Plaintiff served the following documents on counsel for Defendant: Summons, Complaint, Civil Case Cover Sheet, the Alternative Dispute Resolution Packet, Notice of Case Assignment, and Notice of Initial Case Management Conference. A true and correct copy of these documents are attached as **Exhibit A** to the concurrently filed Declaration of Michael C. Guasco, Esq. ("Guasco Decl.").

6. Pursuant to an agreement between counsel for the parties, service via counsel for Defendant was to be deemed equivalent to personal service of the documents on the date of service on counsel.

7. Defendant's deadline to file its Answer to Plaintiff's Complaint is October 27, 2023. Defendant filed its Answer in the Superior Court of the State of California, County of Alameda. A true and correct copy is attached as **Exhibit B** to the Guasco Decl.

8. Pursuant to 28 U.S.C. section 1446(a), the documents attached to the Guasco Decl. as **Exhibits A-B** constitute all process, pleadings, and orders served upon Defendant or filed in this action.

## TIMELINESS OF REMOVAL

9. Pursuant to the parties' stipulation for electronic service, Plaintiff electronically served his Complaint on September 27, 2023. Pursuant to 28 U.S.C. section 1446(b), this Notice of Removal is therefore timely filed as it is filed within thirty (30) days after Plaintiff's Complaint service date, and within one year after commencement of this action.

## DIVERSITY JURISDICTION PURSUANT TO SECTION 1332

10. Section 1332(a) provides: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between. . . (1) citizens of different States[.]"

11. Pursuant to Section 1332(a), this Court has original jurisdiction over this civil action based on diversity of citizenship. This action may be removed to this Court by Defendant pursuant to

28 U.S.C. section 1441(b) because it is a civil action between citizens of different States and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

**A. Plaintiff is a Citizen of the State of California.**

12. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and domiciled in a particular state. See *Bank of N.Y. Mellon v. Nersesian,* 2013 WL 8284799, at *7 (C.D. Cal. 2013) (citing *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983)). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return; residence is *prima facie* evidence of one's domicile. *Id.,* see also *Sadeh v. Safeco Ins. Co.*, 2012 WL 10759737, at *4 (C.D. Cal. 2012) (citing *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)). Plaintiff's Complaint alleges that he is and has been an individual residing in California. See Guasco Decl., **Exhibit A** at ¶ 15. Plaintiff is therefore domiciled in California.

**B. CSC Serviceworks, Inc. is not a Citizen of the State of California.**

13. For purposes of diversity jurisdiction, "[a] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. section 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities. Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' [citation.] We believe that the 'nerve center' will typically be found at a corporation's headquarters." *Hertz*, 559 U.S. 77, 78 (2010) (internal citations omitted).

14. Defendant was, at the time of filing of this action, and still is, incorporated under the laws of the State of Florida. See Declaration of Leanne Mehrman ("Mehrman Decl.") at ¶ 3. Defendant's principal place of business is in the State of New York. *Id.* Therefore, Defendant is not a citizen of California, and Defendant and Plaintiff are citizens of different States. Defendant and Plaintiff are diverse.

///

///

**C. The Citizenship of the Doe Defendants Should be Disregarded for Diversity Purposes.**

15. The Complaint also names as defendants "DOES 1-10, inclusive." Pursuant to 28 U.S.C. section 1441(a), however, the citizenship of defendants sued under fictitious names must be disregarded for the purpose of determining diversity jurisdiction. See *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998).

16. Therefore, because Plaintiff is a citizen of the State of California (the forum state), and Defendant is not a citizen of the forum state of California, complete diversity exists for purposes of 28 U.S.C. section 1332. See e.g. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

**THE AMOUNT IN CONTROVERSY REQUIREMENT IS BOTH EXPRESSLY AND IMPLICITLY SATISFIED**

17. The damages sought also plainly exceed $75,000 (exclusive of interest and costs) under any reasonable reading of the Complaint. Although the Complaint does not specify the ultimate amount Plaintiff believes to be in dispute, Defendant needs only to establish by a preponderance of the evidence that Plaintiff's claims exceed the minimum. *Singer v. State Farm Mut. Auto Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

18. The ultimate inquiry is the amount that is put "in controversy" by Plaintiff's Complaint, and not how much, if anything, Defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986 (S.D. Cal. 2005); see also *Schere v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 399 (2d Cir. 2003) (recognizing that the ultimate or provable amount of damages is not what is considered in the removal analysis; rather, it is the amount put in controversy by the plaintiff's complaint). In addition to current damages, damage claims can include future damages. Front pay awards in California frequently span a number of years. *Rabaga-Alvarez v. Dart Industries, Inc.*, 55 Cal. App. 3d 91, 97 (1976) (four years from the date of plaintiff's termination); *Drzewiecki v. H&R Block, Inc.*, 24 Cal. App. 3d 695, 705 (1972) (ten years). The Ninth Circuit noted in an employment discrimination case, the amount in controversy includes any and all relief a court may grant based on a plaintiff's complaint.

> We conclude that the amount in controversy is not limited to damages incurred prior to removal—for example, it is not limited to wages a plaintiff employee

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000

> would have earned before removal (as opposed to after removal). Rather, the amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious. Applying that standard, the amount-in-controversy requirement is easily satisfied here, and we have subject matter jurisdiction over this action.

*Chavez v. JPMorgan Chase*, No. 16-55957, 2018 WL 1882908, at *7-8 (9th Cir. Apr. 20, 2018) (jurisdictional minimum was reached even where loss of earnings at time of removal was less than $75,000).

19. In measuring the amount in controversy, the Court must assume that the allegations of the complaint are true and that a jury will return a verdict in favor of the plaintiff on all claims asserted in their complaint. *Kenneth Rothschild Trust*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002). The ultimate inquiry is the amount that is put "in controversy" by the plaintiff's complaint, and not how much, if anything, the defendant will actually owe. *Rippee v. Boston Market Corp.*, 408 F. Supp. 2d 982, 986. In determining the amount in controversy, the Court may consider damages awarded in similar cases. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005).

**D. Plaintiff's Claimed Wages Alone Exceed The Amount in Controversy Requirement.**

20. Here, Plaintiff pleads damages in excess of $75,000 and the Complaint's allegations further establish an amount in controversy in excess this amount, exclusive of interest and costs. Specifically, the Complaint seeks various forms of damages, including economic, non-economic, special damages, and punitive damages, as well as attorneys' fees and costs. (Complaint, Prayer for Relief.)

21. At the time of Plaintiff's termination on May 2, 2022, Plaintiff worked full time. Given the date of his termination, Plaintiff will seek over a year of backpay. He will also seek front pay in the amount of multiple years. Thus, Plaintiff's claimed wages alone also meet the threshold for removal. *Wysinger v Auto.Club of S. Cal.,* 69 Cal.Rptr.3d 1, 12 (Cal.Ct.App. 2007).

///

///

///

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000

**E. Plaintiff's Request for Damages Related to Emotional Distress Further Exceeds the Amount In Controversy Requirement.**

22. Plaintiff also seeks an award of emotional distress damages. (**Exhibit A**, Complaint, Prayer for Relief.) If Plaintiff prevails, Plaintiff's claims for such non-economic damages could easily exceed $75,000. *See Richmond v. All State Insurance*, 897 F. Supp. 447, 450 (S.D. Cal. 1995) (emotional distress damages may be considered in the amount in controversy). Emotional distress damages in California often amount to well over $75,000 in cases with similar causes of action. *See, e.g., Widder v. State Farm Mutual Insurance Company, et al.*, Case No. 34-2011-00113417 (Sacramento Super. 2011) (jury award of $275,000 in emotional stress damages in action for disability discrimination and failure to accommodate); *Earl Wright v. City of Los Angeles, et al.*, 2013 WL 1385703 (2013) (jury awarded $1.2 million dollars for past and future emotional stress damages related to a finding of harassment and discrimination); *Gardenhire v. Hous. Auth. Of Los Angeles*, 85 Cal. App. 4th 236, 240-241 (2002) (affirming judgment, including jury award of $1.3 million in emotional distress damages for wrongful termination in violation of public policy claim).

**F. Plaintiff's Request for Punitive Damages Further Exceeds the Amount in Controversy Requirement.**

23. Plaintiff also alleges punitive damages. (**Exhibit A**, Prayer for Relief ¶ 4.) Plaintiff's potential recovery of such damages further augments the foregoing amounts and demonstrates that the monetary threshold for removal is met. *Gibson v. Chrysler Corp.*, 261 F.3d 937, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action."). California law does not provide any specific monetary limit on the amount of punitive damages that may be awarded under Civil Code section 3294. Indeed, punitive damages awards have equaled as much as four times the amount of the actual damages award. *State Farm Mutual Auto Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003). Punitive damages must be considered when calculating the amount in controversy even if no such damages are clearly pled in the complaint. See *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002).

///

///

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000

**G. Plaintiff's Request for Attorneys' Fees Further Exceeds the Amount in Controversy.**

24. Lastly, Plaintiff seeks attorneys' fees. Attorneys' fees potentially recoverable by statute also are considered when determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). In actions brought under Labor Code § 1102.5, the court, in its discretion, may award the prevailing party reasonable attorneys' fees. Cal. Gov't Code § 12965(c)(b).

25. Any estimate of attorneys' fees includes fees over the life of the case, not just the fees incurred at the time of removal. *Sasso v. Noble Utah Long Beach, LLC*, Case No.: CV 14-09154-AB (AJWx), at *7 (C.D. Cal. Mar. 3, 2015 ). "Recent estimates for the number of hours expended through trial for employment cases in [the Central District of California] have ranged from 100 to 300 hours. Therefore, 100 hours is an appropriate and conservative estimate. Accordingly, attorneys' fees in [a disability discrimination case alleging violations under FEHA] may reasonably be expected to equal at least $30,000 (100 hours x $300 per hour)." *Id.* Thus, Plaintiff's demand for attorneys' fees adds, at minimum, $30,000 to the amount in controversy. *See e.g., Flannery v. Prentice*, 26 Cal.4th 572 (2001) (upholding an award of attorneys' fees under the FEHA for $971,684); *Dwyer v. Crocker Nat'l Bank*, 194 Cal. App. 3d 1418 (1987) (upholding award of $75,258 in attorneys' fees under the FEHA); *Zissu v. Bear, Stearns & Co.*, 805 F.2d 75 (1986) (upholding $550,000 in attorneys' fees awarded under the FEHA); *Begazo v. Passages Silver Strand L.L.C.*, JVR No. 1706070057 (Cal. Super. 2017) (court awarding $375,568 in attorneys' fees in FEHA action).

26. In sum, when the relief sought by Plaintiff is taken as a whole, the amount in controversy for Plaintiff's claims plainly exceeds the jurisdictional threshold of $75,000. This amount does not even include emotional distress damages, punitive damages, or other attorney's fees and costs – let alone the Complaint's explicit acknowledgement that more than $75,000 is in dispute.

27. Therefore, the claims asserted by Plaintiff in state court are properly removed to this Court pursuant to 28 U.S.C. Section 1441.

///

///

///

LITTLER MENDELSON, P.C.
101 Second Street
Suite 1000

**NOTICE TO STATE COURT AND PLAINTIFF**

28. Concurrently with the filing of this Notice of Removal in the United States District Court for the Northern District of California, written notice will be given by the undersigned to Plaintiff's counsel. In addition, a copy of this Notice of Removal will be concurrently filed with the Clerk of the Superior Court of the State of California for the County of Alameda.

WHEREFORE, Defendant respectfully removes this action from the Superior Court of California, County of Alameda, to the above-entitled Court.

Dated: October 18, 2023

LITTLER MENDELSON, P.C.

*/s/ Michael C. Guasco*
Michael C. Guasco

Attorneys for Defendant
CSC SERVICEWORKS, INC.

4877-6301-5815.1 / 046740-1107